IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VNB REALTY, INC., a wholly owned subsidiary of Valley National Bank,<br><br>    Plaintiff,<br><br> vs.<br><br>U.S. BANK, N.A.,<br><br>    Defendant. | Civil Action No. _____ |

**NOTICE OF REMOVAL OF ACTION BY**
**<u>DEFENDANT U.S. BANK NATIONAL ASSOCIATION</u>**

    Defendant U.S. Bank National Association ("U.S. Bank" or the "RMBS Trustee") hereby gives notice of removal of this action from the Superior Court of New Jersey, Chancery Division, Bergen County, (the "State Court Action") to the United States District Court for the District of New Jersey.

    Removal is based upon 28 U.S.C. §§ 1331 and 1332, and the procedural requirements for removal have been satisfied.

    As grounds for removal, U.S. Bank states the following:

**I.  THE STATE COURT ACTION**

    1.  On or about May 29, 2013, Plaintiff VNB Realty, Inc. ("Plaintiff") filed a Complaint (the "Complaint") against U.S. Bank in the Superior Court of New Jersey, Chancery Division, Bergen County, under Docket No. C-165-13.  The Complaint is annexed hereto as Exhibit A.

    2.  A Summons in the matter was issued on or about July 19, 2013, which is annexed hereto as Exhibit B.  On or about July 22, 2013, Plaintiff's counsel served a copy of the Summons and Complaint in the State Court Action on U.S. Bank.

3. In the Complaint, Plaintiff alleges that it invested in two residential mortgage-backed securitization ("RMBS") trusts for which U.S. Bank serves as RMBS trustee (the "Trusts"). Plaintiff alleges that U.S. Bank "is aware of likely breaches of representations and warranties contained in Trust documents and of likely improper servicing of loans." Complaint, ¶ 3. Plaintiff further alleges that U.S. Bank "was in a position to stop and/or correct for the deficiencies, but did not do so because Defendant has a conflict of interest: Defendant has engaged in the same or similar violations of law." *Id.* Plaintiff alleges that as a result of this purported inaction, Plaintiff has been damaged in an amount equal to or greater than $3,579,341. Complaint, ¶¶ 127, 128.

4. Plaintiff asserts that U.S. Bank's alleged inaction constituted: (i) violations of a federal statute, the Trust Indenture Act; (ii) breach of the RMBS Trustee's purported duty of loyalty under the Pooling and Servicing Agreements ("PSAs") governing the Trusts and duty to avoid conflicts of interest; (iii) breach of the RMBS Trustee's purported fiduciary duty; (iv) breach of the RMBS Trustee's contractual obligations under the PSAs for the Trusts; (v) negligence; and (vi) breach of the RMBS Trustee's covenant of good faith and fair dealing. Complaint, ¶¶ 129-72.

5. Plaintiff seeks injunctive and monetary relief including, but not limited to, $3,579,341.00. Complaint, ¶¶ 133, 141, 149, 155, 160, 172.

II.   **RECEIPT OF PLAINTIFF'S PETITION**

6. On July 22, 2013, U.S. Bank was served with the Summons and Complaint in the State Court Action.

7. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after U.S. Bank was served with the Complaint.

### III.     DIVERSITY OF CITIZENSHIP PROVIDES A BASIS FOR REMOVAL

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because complete diversity of citizenship exists—U.S. Bank and Plaintiff are citizens of different states—and the amount in controversy exceeds $75,000.00, exclusive of interest and costs

#### A.     Citizenship Of The Parties

9.      The requirement of complete diversity of citizenship is satisfied here because the action is between citizens of different states.

10.     For purposes of diversity jurisdiction, a corporation is a citizen of: (1) its state of incorporation and (2) the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).

11.     Plaintiff VNB Realty, Inc. alleges that it is a Real Estate Investment Trust incorporated under New Jersey law with its headquarters and principal place of business in Wayne, New Jersey.  Complaint, ¶ 6.  Therefore Plaintiff VNB Realty is a citizen of New Jersey for purposes of diversity jurisdiction.

12.     U.S. Bank is a national banking association organized and existing under the laws of the United States of America with its main office in Ohio.  Complaint, ¶ 7.  A national banking association is deemed to be a citizen of the state where its main office is located.  28 U.S.C. § 1348; *Wachovia v. Schmidt*, 546 U.S. 303, 307 (2006).  Therefore, U.S. Bank is deemed a citizen of Ohio for purposes of diversity jurisdiction.

### B. Amount In Controversy

18. The aggregate amount in controversy exceeds the jurisdictional minimum of $75,000.00 set out in 28 U.S.C. § 1332(a)(3), although U.S. Bank denies that Plaintiff is entitled to recover any amount.

19. Here, Plaintiff pleads that it is entitled to a recovery of at least $3,579,341.00, which far exceeds the $75,000 jurisdictional minimum. Complaint, ¶¶ 133, 141, 149, 155, 160, 172.

## IV. FEDERAL QUESTION JURISDICTION PROVIDES AN ADDITIONAL BASIS FOR REMOVAL

28. In addition to diversity jurisdiction, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question). Federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*

29. In the Complaint, Plaintiff alleges a claim against U.S. Bank for failing to provide notice to Plaintiff of contractual breaches by parties to the securitization transactions that created the Trusts within 90 days after their occurrence and failing to exercise its rights and powers as a prudent person would. Complaint, ¶¶ 131-32. Plaintiff alleges that these purported failures violated the Trust Indenture Act of 1939, as amended (the "TIA"). 15 U.S.C. § 77ooo.

30. Because Plaintiff seeks compensation for alleged violations of the TIA, they seek relief under federal law. Accordingly, this Court has federal question jurisdiction of these claims pursuant to 28 U.S.C. § 1331, and Plaintiff's TIA claim may be removed to this Court.

31. In addition, the allegations set forth in Count Two for breach of duty of loyalty, Count Three for breach of fiduciary duty, Count Four for breach of contract, Count Five for

4

negligence, Count Six for Injunctive Relief, and Count Seven for breach of the covenant of good faith and fair dealing are integrally related to those advanced under the TIA against U.S. Bank as all relate, in substantial part, to alleged failures in the servicing of mortgage loans in the Trusts. Accordingly, an exercise by this Court of supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) is warranted because its state law claims and federal law claims originate from a common nucleus of facts.

V.     **PROCEDURAL REQUIREMENTS FOR REMOVAL**

   A.     **Proper Court**

   32.     The proper venue for removal is "to the district court of the United States f*or the district and division embracin*g the place where such action is pending." 28 U.S.C. § 1446(a). The United States District Court for the District of New Jersey embraces Bergen County, New Jersey, the county in which the State Court Action is now pending, and thus, this Court is the proper District Court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

   B.     **Timeliness Of Notice Of Removal**

   33.     Removal is required "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  Plaintiff's counsel served a copy of the Summons and Complaint on U.S. Bank on July 22, 2013.  This Notice of Removal is being filed in the United States District Court for the District of New Jersey, within thirty days of service of the initial pleading, and accordingly this action is timely removed pursuant to 28 U.S.C. § 1446(b).

### C.   Pleadings And Process

34.   Attached hereto as Exhibit A is the Complaint that was filed in the State Court Action.  Attached hereto as Exhibit B is the Summons that was issued in the State Court Action.  No other process, pleadings, and orders have been filed in the State Court Action.

### D.   Notice

35.   A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the state court in which the action is pending and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).  A copy of this Notice of Removal will be served promptly on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

### E.   Signature

36.   This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

### F.   No Bond Or Verification Required

37.   Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.  *See* 102 Stat. 4642, § 1016 (1988).

38.   Based upon the foregoing, this Court has jurisdiction over this matter, and the claims properly are removed to this Court.  In filing this notice of removal, U.S. Bank does not waive, and specifically reserves, all defenses, objections, denials, exceptions, rights, and motions.  No statement herein or omission shall be deemed to constitute an admission by U.S. Bank of any of the allegations of, or damages sought in, Plaintiff's pleadings.

WHEREFORE, U.S. Bank removes this action from the Superior Court of New Jersey, Chancery Division, Bergen County, to the United States District Court for the District of New Jersey.

DATED: August 7, 2013  
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

 s/ Lisa M. Campisi  
Lisa M. Campisi  LC1018  
101 Park Avenue  
New York, NY 10178-0060  
Tel:  212-309-6000  
FAX:  212-309-6001

*Attorney for U.S. Bank National Association*