UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VNB REALTY, INC.**, a wholly owned subsidiary of Valley National Bank,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION.<br><br>Defendant. | Civ. No. 2:13-4743 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff VNB Realty, Inc. ("VNB") seeks a preliminary injunction that would require Defendant U.S. Bank National Association ("U.S. Bank") to reimburse funds it withdrew from a trust for the purpose of covering legal expenses it has incurred in this action. VNB also requests that U.S. Bank be enjoined from making any similar withdrawals in the future. For the reasons that follow, VNB's motion will be **DENIED**.

I.   BACKGROUND

The Court writes primarily for the benefit of the parties, and limits its discussion to the facts that are pertinent to the instant motion. VNB owns beneficial interests known as certificates in two trusts (collectively "the Trusts") that are the subject of this lawsuit: CSMC Mortgage Backed Trust 2006-8 ("CSMC 2006-8") and MAST Alternative Loan Trust 2007-1 ("MALT 2007-1"). Defendant U.S. Bank serves as the Trustee for both of the Trusts. VNB alleges that as Trustee, U.S. Bank failed to adequately oversee the activities of the Master Servicer, Wells Fargo. Specifically, VNB did not take appropriate action after Wells Fargo failed to implement mortgage servicing practices used by other prudent lending institutions that service similar loans. Following the Court's issuance of two orders that dismissed a number of VNB's claims, all that remains is a claim against U.S. Bank for common law negligence.

1

According to its moving brief, VNB has recently discovered that the Trustee has been paying legal fees incurred in this litigation out of the MALT 2007-1 Trust. The Trustee does not deny these allegations, but argues that it is legally entitled to take such action. The Trustee's position rests on Section 8.05 of the Pooling and Servicing Agreement ("PSA") that governs MALT 2007-1. The provision states the following:

> The Trustee…shall be indemnified by the Issuing Entity and held harmless against any loss, liability or expense (including reasonable attorney's fees) (i) incurred in connection with any claim or legal action relating to (a) this Agreement, (b) the Mortgage Loans or (c) the Certificates, (ii) incurred in connection with the performance of any of the Trustee's duties hereunder, other than any loss, liability or expense (x) incurred by reason of willful malfeasance, bad faith or negligence in the performance of any of the Trustee's duties hereunder…and (iii) incurred by reason of any action of the Trustee taken at the direction of the Certificateholders.

(MALT 2007-1 PSA, § 8.05). The Trustee contends that it is entitled to reimbursement out of MALT 2007-1 because the instant action is a "claim or legal action relating to…the Certificates…." In other words, because this case involves circumstances described in section (i) of § 8.05 of the relevant PSA, indemnification out of the Trust is allowed. VNB, however, interprets § 8.05 differently. In its view, indemnification is permissible only if *all* of the circumstances outlined in sections (i)-(iii) are present. Therefore, it is not enough that the Trustee's expenses arise out of a legal action relating to the Certificates; it also must be the case that the expenses have been incurred by reason of a non-negligent action that the Trustee has taken at the direction of the Certificateholders. VNB argues that because the Trustee has been accused of negligence, it is not entitled to use the trust funds to reimburse its legal expenses.

VNB has now moved for a preliminary injunction that would (1) require the Trustee to reimburse MALT 2007-1 for the funds it has already withdrawn in defending this action; and (2) prohibit the Trustee from using trust funds to reimburse itself for legal expenses it may incur in the future. U.S. Bank opposes VNB's motion.

## II.   DISCUSSION

A preliminary injunction is an extraordinary remedy that is not routinely granted. *See, e.g., Groupe SEB USA v. Euro–Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir.2014); *Hoxworth v. Blinder, Robinson Co. Inc.*, 903 F.2d 186, 189 (3d Cir.1990) (the preliminary injunction remedy "must be reserved for extraordinary circumstances...."). Moreover, "the decision to grant or deny a preliminary injunction is committed to the sound discretion of the district court." *U.S. v. Price*, 688 F.2d 204, 2010 (3d Cir.1982). In order to obtain the extraordinary remedy of a preliminary injunction, VNB must show (1) it is likely to succeed on the merits; (2) denial will cause it irreparable harm; (3) granting the injunction

will not result in irreparable harm to U.S. Bank; and (4) granting the injunction is in the public interest. *Nutrasweet Co. v. Vit–Mar Enterprises*, 176 F.3d 151, 153 (3d Cir.1999). "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir.2005) (citations omitted).

The Court concludes that a preliminary injunction is not warranted because VNB has failed to show that there is imminent threat of irreparable harm. A motion for preliminary injunctive relief must be denied where the movant fails to demonstrate that it will suffer imminent irreparable harm in the absence of an injunction. *See e.g., Checker Cab of Philadelphia, Inc. v. Uber Technologies, Inc.*, --- Fed.Appx. ----, 2016 WL 929310, *2 n. 6 (3d Cir. 2016) (where plaintiff fails to meet one of the four elements required for a preliminary injunction, a court need not determine whether the other elements have been met (citing *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014))). Moreover, it is well settled that "an injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009) (citing *Bennington Foods LLC v. St. Croix Renaissance*, Group, LLP., 528 F.3d 176, 179 (3d Cir. 2008)). *See also In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law.")

Here, it is readily apparent that VNB's motion alleges the existence of a monetary harm that can be remedied through a proper action at law. The equitable remedy of a preliminary injunction is therefore not appropriate under these circumstances. VNB appears to acknowledge that it is seeking monetary relief, yet persists in arguing that an injunction is warranted. It primarily notes that the funds in MALT 2007-1 regularly accrue interest, and that in the absence of an injunction, there will be a loss of interest that will be "impossible to recover." *See* Pl's. Mot. at 6. However, VNB fails to adequately explain why at a later date it would be impossible to calculate the amount of interest that would have accrued in the absence of the Trustee's withdrawals. To the contrary, the Trustee is able to provide the exact amount of funds it has withdrawn from MALT 2007-1 in connection with its defense in this action. *See* Scott Decl. at ¶ 2. Using that figure as a starting point, one could later calculate the amount of interest lost due to the Trustee's withdrawals.

Moreover, there is no indication that the liquidity of MALT 2007-1 is in peril, a fact that further militates against the issuance of an injunction. The circumstances here are therefore readily distinguishable from what was before the court in *Salmon v. Old National Bank*, Civ. No. 08-116, 2010 WL 1463196, *3-*4 (W.D. Ky. Apr. 8, 2010), a case relied upon by VNB. In that case, the court granted an injunction that required a trustee to reimburse a trust for amounts it had withdrawn to cover its legal expenses. However, the court granted the motion only after it discovered that in the absence of an injunction, the

trust would be required to sell real property assets in order to cover the amount that the plaintiff would likely be awarded at a later date. In other words, the liquid funds available to the trust were so low that absent an injunction, the trust would be forced to relinquish non-monetary assets, thereby causing irreparable harm to itself and its beneficiaries. The circumstances in this case are vastly different. MALT 2007-1 has a principal balance of $561 million, which means that the amount of funds at issue[1] comprise an infinitesimally small fraction of what is currently held in the trust. *See* Scott Decl. at Ex. 2. VNB therefore cannot seriously argue that this case involves dire circumstances that require the issuance of an injunction. Accordingly, the motion is denied.[2]

### III.   CONCLUSION

For the foregoing reasons, VNB's motion for a preliminary injunction is **DENIED**. An appropriate order accompanies this decision.

        /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 19, 2016**

---

[1] To date, U.S. Bank has received reimbursement for $306,600.00 in fees and expenses in connection with this action. See Scott Decl. at ¶ 2.

[2] VNB alternatively argues that "upon Plaintiff prevailing at the trial of this action, the [Court should require] Defendant [] to fully reimburse the Trust for all trust funds expended by the Trustee in the unsuccessful defense of this action, plus the interest that would have otherwise accrued on such funds." Pl's. Mot. at 7. In light of the fact that there has been no final disposition on the merits, the Court concludes that VNB's request is premature.